504 P.2d 398

The CITY OF OROFINO, Idaho, Plaintiff-Appellant,

v.

Samuel F. SWAYNE, Trustee, et al., Defendants-Respondents.

No. 10927.

Supreme Court of Idaho.

Dec. 18, 1972.

91 Idaho 870, 434 P.2d 88 (1967); King v. State, 91 Idaho 97, 416 P.2d 44 (1966); State v. Gish, 89 Idaho 334, 404 P.2d 595 (1965).

Anton Hohler, Boise, for plaintiff-appellant.

Michael E. McNichols, Orofino, for defendants-respondents.

McFADDEN, Justice.

This condemnation action was instituted by the City of Orofino as a part of its airport improvement program, involving relocation of a part of the State Highway system, i. e., U. S. Highway 12. In this action the city sought to condemn 1.59 acres of land owned by the defendants-respondents which lay south of the then existing Highway 12, with approximately 390 feet of land fronting on the old highway. This 1.59 acre tract was a part of a larger 93 acre tract owned by respondents which lay to the south.

Two structures were situated on the land involved in this case: a drive-in root beer stand which had been constructed within three years of the condemnation action and a motel which had been constructed some years before. No issue concerning valuation of these improvements is presented here.

Summons was served in this case on December 1, 1966. However, on June 12, 1967, subsequent to instituting the action, the parties stipulated that the city could take possession of the claimed property prior to termination of the condemnation proceedings. The parties also agreed that the respondents would have four accesses between their remaining property and the new highway to be constructed. They agreed that the city could convey the property to the State of Idaho for use as a public highway. They also agreed that the city would pay into court $18,930, as a part payment on the ultimate award, and that the respondents could withdraw that sum. Both parties reserved, however, the right to litigate the issue concerning the amount of damages involved in the taking of the property.

In September, 1970, prior to trial of the action, the respondents filed a waiver and disclaimer of any right to claim severance damages to the balance of their remaining tract by reason of the condemnation action.

Following a trial to the court sitting without a jury, findings of fact, conclusions of law and judgment were entered. The trial court found the value of the improvements on the lot to be $6,000 for the motel and $17,616 for the root beer drive-in. The court also found that the land taken was an independent, economic unit and that its value at the time of service of summons (December 1, 1966) was $25,020. Conclusions of law and judgment in favor of the respondents were entered in conformity with these findings of fact.

The city appealed from the judgment. The basic issue presented by the appellant is whether the district court erred in refusing to consider general benefits to the remainder of the land not taken as an offsetting item to be applied in reduction of the damages for the value of the land taken.

The appellant contends the record reflects that when the city took the 1.59 acres of land the respondents had only 390 feet of frontage along the then existing highway. After the land was taken and the new highway was built, the remainder of the respondents' land fronted on the new highway. Thus, the respondents wound up with 730 feet of frontage along the new highway.

Testimony of the appellant's expert witnesses established that by using a "before" and "after" method of valuation the respondents actually benefited by an increase in the value of the remaining land. Mr. White, one of the appraisers called as a witness by the city, testified that he estimated the value of the respondents' land as follows: that before the taking (excluding the improvements) the total value of all 93 acres of land was $112,000. He valued the land after the taking at $120,000. This method of valuation, of course, would give the respondents a substantially more valuable piece of property after the taking than they owned prior to the taking. Mr. Newell, the other appraisal witness presented by appellant, testified that the value of the respondents' 93 acres prior to the taking was $109,700, but after the taking, by reason of the increased highway frontage, the value of the remainder of respondents' land was $115,000.

The trial court rejected this approach presented by the appellant and held that the land taken was an independent, economic unit. The trial court held that the tract's highest and best use was for commercial purposes. The court also held that special benefits to the remainder of the land could not be offset against the value of the land taken.

We find no error by the trial court in its approach to this valuation problem. Idaho Const. art. 1, § 14, provides in part:

"* * * Private property may be taken for public use, but not until a just compensation, *to be ascertained in the manner prescribed by law,* shall be paid therefor." (Emphasis added.)

The legislature provided a method for ascertainment of just compensation by enactment of I.C. § 7–711.[1]

In State ex rel. Symms v. Collier, 93 Idaho 19, 454 P.2d 56 (1969), this Court considered the provisions of I.C. § 7–711 in

---

1. I.C. § 7–711. "The court, jury or referee must hear such legal testimony as may be offered by any of the parties to the proceedings, and thereupon must ascertain and assess:

1. *The value of the property sought to be condemned, and all improvements thereon pertaining to the realty, and of each and every separate estate or interest therein;* if it consists of different parcels, the value of each parcel and each estate or interest therein shall be separately assessed.

2. If the property sought to be condemned constitutes only a part of a larger parcel, the damages which will accrue to the portion not sought to be condemned, by reason of its severance from the portion sought to be condemned, and the construction of the improvement in the manner proposed by the plaintiff.

3. Separately, how much the portion not sought to be condemned, and each estate or interest therein, will be specially and directly benefited, if at all, by the construction of the improvement proposed by the plaintiff; *and if the benefit shall be equal to the damages assessed, under subdivision two, the owner of the parcel shall be allowed no compensation except the value of the portion taken;* but if the benefit shall be less than the damages so assessed, the former shall be deducted from the latter, and the remainder shall be the only damages allowed in addition to the value.

4. If the property sought to be condemned be for a railroad, the cost of good and sufficient fences along the line of such railroad, and the cost of cattle guards where fences may cross the line of such railroad.

5. As far as practicable, compensation must be assessed for each source of damages separately." (Emphasis added.)

relation to a situation where only a portion of the defendants' land was being condemned. In that case the land was being taken for the purpose of constructing an interchange between Broadway Avenue in Boise and Interstate Highway 80N. Since there was no access to the highway system prior to the condemnation, the defendants' remaining land appreciated in value by reason of access to the interchange. Prior to the trial the defendants struck from their answer any claim for severance damages to the remainder of their land.

In the Collier case this Court, relying upon I.C. § 7–711, held that where no claim for severance damages to the remainder of the property is made in a condemnation action, any benefits to the remainder of the land cannot be offset against the value of the land taken. In that opinion it is stated:

> "In any event, Idaho statutory law forbids offsetting special benefits to the remaining property against the fair market value of the property taken in arriving at just compensation * * *." 93 Idaho at 24, 454 P.2d at 61.

> "Since special benefits to the remaining property cannot be offset against the fair market value of the property taken in arriving at just compensation to the defendants, the trial court acted correctly." 93 Idaho at 25, 454 P.2d at 62.

 It is recognized that a number of jurisdictions allow as an offset against the value of land taken an increase in value to the remainder of the land. *See,* Annot. 13 A.L.R.3d 1149 at 1197 (§ 11). However, under our statute, I.C. § 7–711, benefits which may accrue to the remainder may not be considered except as a set-off against damages that have accrued to the remainder by reason of the severance from the portion condemned. State ex rel. Symms v. Collier, *supra.* In 3 Nichols on Eminent Domain (Rev. 3d ed.) § 8.6206 [1], p. 97, the author states:

> "While there is no answer in legal theory to the logic of the arguments in favor of the doctrine that special benefits can be set off from the entire compensation, there can be no doubt that the tendency in recent years has been away from that principle and toward the adoption of the rule that the land taken, at least, must be paid for in money without consideration of benefits to the remaining land. The development of the later rule is undoubtedly explained by the fact that the propensity of many American communities to be over-sanguine in regard to the beneficial results of projected public improvements had resulted in the taking of much valuable private property for which the owner never received any compensation other than anticipated benefits which never accrued. It was a reaction to this injustice that led to the ready adoption of a rule which, while in theory unsound, would as a matter of practice bring about a more equitable result, and in the cases in which injustice resulted, would distribute the effects of it upon the public at large."

See also 5 Nichols on Eminent Domain (Rev. 3d ed.), § 16–1012, pp. 16–29 to 16–32.

The rule refusing to offset increases in valuation against the value of the land taken is particularly applicable in a case of the type involved herein, i. e., where the land taken was determined to be an independent, economic unit. Territory of Hawaii v. Adelmeyer, 45 Haw. 144, 363 P.2d 979 (1961).[2]

---

2. State Highway Commission v. Hooper, 2 Or.App. 450, 468 P.2d 540 (1970), held that where a parcel of land taken for highway purposes was a self-sufficient economic unit and landowner did not claim damages to the remainder of property, the value of land taken had to be determined without regard to special benefits resulting to remaining land. The Supreme Court of Oregon, however, in State Highway Comm'n v. Hooper, 259 Or. 555, 488 P.2d 421 (1971), reversed the holding of the Court of Appeals. The court held that where a 2.4 acre parcel was sought to be taken for highway purposes and fronted on existing access road it should not have been valued as an individual parcel separate and apart from

The appellant here would have this Court apply the rule of damages considered by its appraisers, that is: the "before" and "after" basis for valuation. It is the conclusion of the Court that under the particular facts here where the land taken constituted an "independent, economic unit" strict application of such a rule would in effect force the respondents to part with their land without compensation. In fairness to the appellant we recognize that it has never made any such contention. However, from a logical approach to that line of reasoning such would be the consequence. In our viewpoint such a result would be contrary to Idaho Const. art. 1, § 14, which states "[p]rivate property may be taken for public use, but not until a just compensation, to be ascertained in the manner prescribed by law, shall be paid therefor."

Appellant also contends the trial court erred in failing to allow the amendment of the complaint and the stipulation of the parties. The appellant contended that the proof and stipulation of the parties established that access to the remainder of respondents' land was not limited to one point of access. An amendment of the complaint to this effect would have been entirely proper, but in our opinion it would not have changed the ultimate result of this case. The trial court was thoroughly aware of the fact that the access to the balance of the ·respondents' property was not limited and that there was no taking of any such access rights. The appraisers for all parties considered there was unlimited access, and we find no reversible error in this regard.

The judgment of the trial court is affirmed. Costs to respondents.

McQUADE, C. J., and DONALDSON, SHEPARD and BAKES, JJ., concur.

the remainder of condemnees' land, with consideration given to frontage or access value of the part taken. The court reasoned that the frontage and the access would remain the same after taking by virtue of a planned relocation of the frontage road so as to be contiguous to the remainder.

See also: Damages Recoverable in a Partial Taking, by Judge Palmore, 21 S.W.L.J. 740 (1967).